# EXHIBIT A

ELECTRONICALLY FILED
2022 Jan 26 PM 2:53
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2022-LM-000319

Michael Adkins

vs.

SLM Corporation d/b/a Sallie Mae et. al.

## SUMMONS

## Chapter 61 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Trans Union LLC**
**THE PRENTICE-HALL CORPORATION, 2900 SW WANAMAKER DRIVE SUITE**
**Topeka, KS  66603**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 03/14/2022, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.

*Kristi L. Hill*

Clerk of the District Court
Electronically signed  on 01/26/2022 03:32:27 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

CM-22639-0453

ELECTRONICALLY FILED
2022 Jan 26 PM 2:53
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2022-LM-000319

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DEPARTMENT

| | |
|---|---|
| **MICHAEL D ADKINS,** | |
| Plaintiff, | |
| vs. | Case Number: _____ |
| **SLM CORPORATION D/B/A SALLIE MAE, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LEXISNEXIS RISK SOLUTIONS, INC., AND INNOVIS DATA SOLUTIONS, INC.,** | |
| Defendants. | |

## PETITION

COMES NOW Plaintiff Michael D Adkins ("Plaintiff"), through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.     This is an action for damages brought by an individual consumer against Defendant SLM Corporation d/b/a Sallie Mae, Inc. and Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq.

2.     Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.     Venue lies properly in this district under 28 U.S.C. §1391(b).

4.     Plaintiff is a citizen of the State of Kansas.

5.     Defendant SLM Corporation d/b/a Sallie Mae, hereafter "Sallie Mae,

1

CM-22639-0453

Inc." is a Delaware Corporation.

6.    Defendant Sallie Mae, Inc. was and is engaged in reporting consumer credit information within Kansas.

7.    Defendant Equifax Information Systems, LLC ("Equifax") is a Georgia Limited Liability Company.

8.    Defendant Equifax was and is engaged in credit reporting business within the State of Kansas.

9.    Defendant Trans Union LLC ("Trans Union") is an Illinois corporation.

10.    Defendant Trans Union was and is engaged in credit reporting business within the State of Kansas.

11.    Defendant Experian Information Solutions Inc. ("Experian") is a Delaware corporation.

12.    Defendant Experian was and is engaged in credit reporting business within the State of Kansas.

13.    Defendant LexisNexis Risk Solutions, Inc. is a Delaware corporation.

14.    Defendant LexisNexis Risk Solutions, Inc. was and is engaged in credit reporting within the State of Kansas.

15.    Defendant Innovis Data Solutions, Inc. is a Delaware corporation.

16.    Defendant Innovis Data Solutions, Inc. was engaged in credit reporting within the State of Kansas.

17.    Plaintiff Michael D Akins, born 1985, has a father named Michael D Akins, born 1960.

2

18.     Between September 2014 and May 2018 Plaintiff's father co-signed five student loans with Plaintiff's sister that were serviced by Defendant Sallie Mae.

19.     Plaintiff's sister's loans appeared on his credit reports produced by Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis.

20.     Furthermore, Plaintiff's father's personal information has been intertwined with Plaintiff's credit reports from Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis.

21.     The Sallie Mae accounts on Plaintiff's credit reports from Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis have been reported as a negative status.

22.     There are five Sallie Mae accounts reporting on Plaintiff's credit reports for a total of $81,156.00.00 in debt that does not belong to Plaintiff.

23.     Among the five Sallie Mae accounts reporting on Plaintiff's credit reports, one is reporting as a serious delinquency Charge Off for $11,543.00.

24.     Plaintiff has no personal liability and is not responsible for the Sallie Mae student loans that belong to his father and his sister.

25.

26.     Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis are therefore inaccurately reporting that Plaintiff is responsible for $81,156.00 in student loans that are not his.

27.     Sallie Mae's assertion that these accounts belong to Plaintiff has damaged Plaintiff by decreasing Plaintiff's net worth by $81,156.00.

CM-22639-0453

28.     Furthermore, Plaintiff has been impeded in his efforts to secure a mortgage because of the negative reports of Sallie Mae accounts that do not belong to Plaintiff.

29.     Plaintiff and his father have notified Defendant Sallie Mae of the reporting and collection error.

30.     After notifying Defendant Sallie Mae of the reporting and collection error, Plaintiff has made multiple disputes to Defendants Equifax, Experian, and Trans Union.

31.     Plaintiff also disputed the negative account and erroneous information with Defendants LexisNexis and Innovis.

32.     Dispute the disputes; Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis indicated to Plaintiff that his father's negative Sallie Mae Account would not be removed from his file.

33.     Upon information and belief, Defendants Equifax, Experian, and Trans Union contacted Defendant Sallie Mae, and Defendant Sallie Mae indicated that Plaintiff's father's negative accounts should remain on Plaintiff's credit reports.

34.     Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's creditworthiness.

35.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's creditworthiness.

4

36.     The inaccurate information substantially misrepresents Plaintiff's debt-to-credit and debt-to-income ratios and misrepresents Plaintiff's total monetary obligations.

37.     Defendants have intruded upon Plaintiff's right to seclusion and invaded Plaintiff's privacy by reporting false and derogatory information on Plaintiff's credit reports for accounts and loans that Plaintiff does not owe. This invasion forces Plaintiff to make efforts to correct his name.

## Count I
## Violations of the Fair Credit Reporting Act
## Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis

Comes now Plaintiff and for Count I against Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis and alleges to the Court:

38.     Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

39.     Pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

40.     Pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

41.     Pertinent hereto, Experian regularly engaged in whole or in part in the

5

practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

42.     Pertinent hereto, LexisNexis regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

43.     Pertinent hereto, Innovis regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

44.     Pertinent hereto, Plaintiff Michael D Adkins is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

45.     Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

46.     Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax,

CM-22639-0453

Experian, Trans Union, Lexis Nexis, and Innovis are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

47.     In addition, Plaintiff disputed the inaccuracy to Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis.

48.     Upon information and belief, the Consumer Reporting Agency Defendants reported to Defendant Sallie Mae, Inc. that Plaintiff disputed the charge-off, delinquency, and false credit reporting.

49.     Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis, failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

50.     Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

51.     The conduct of Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis were a direct and proximate cause, and a substantial factor, in bringing

7

about the serious injuries, actual damages, and harm to the Plaintiff and Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis based on the following requested relief:

a.   Actual damages;

b.   Statutory damages;

c.   Punitive damages;

d.   Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.   Such other and further relief as may be necessary, just and proper.

### Count II
### Violations of the Fair Credit Reporting Act
### Defendant Sallie Mae, Inc.

Comes now Plaintiff and for Count II against Defendant Sallie Mae, Inc. and states and alleges to the Court:

52.   Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

53.   Upon information and belief, the Defendants Equifax, Experian, Trans Union, Lexis Nexis, and Innovis reported to Defendant Sallie Mae, Inc. that Plaintiff disputed the charge-off, delinquency, and false credit reporting.

CM-22639-0453

54.    Despite receipt of the dispute, Defendant Sallie Mae, Inc. failed to respond with truthful information, failed to acknowledge the disputes, and repeatedly reported the false, derogatory information to the Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis, all in violation of the Act.

55.    According to Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis' credit reports for Michael D Adkins, Defendant Sallie Mae, Inc. continued to falsely report about Plaintiff after the dispute.

56.    Defendant Sallie Mae, Inc. has likewise willfully or negligently violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

57.    Rather, Defendant Sallie Mae, Inc. continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about Plaintiff, as described more above.

58.    Defendant Sallie Mae, Inc. failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff.

59.    Defendant Sallie Mae, Inc. failed to review all relevant information provided by Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis.

60.    Defendant Sallie Mae, Inc. knew or should have known that its reporting and activities would (and will) damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

61.    Defendant Sallie Mae, Inc., furnisher-subscriber (creditor and collector)

CM-22639-0453

failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the Defendants Equifax, Experian, Trans Union, LexisNexis, and Innovis of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

62.     The conduct of Defendant Sallie Mae, Inc. was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to the Plaintiff, and Defendant is liable to the Plaintiff for statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Sallie Mae, Inc. for the following requested relief:

a.     Actual damages;

b.     Statutory damages;

c.     Punitive damages;

d.     Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.     Such other and further relief as may be necessary, just and proper.

10

*Respectfully submitted,*

By: /s/ Matthew Robertson
Matthew Robertson #27254
A.J. Stecklein        #16330
Michael Rapp        #25702
Sam Miller        #28843
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone:    (913) 371-0727
Facsimile:    (913) 371-0727
Email:  aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com
        msr@kcconsumerlawyer.com
        sm@kcconsumerlawyer.com
**Attorneys for Plaintiff**

11

**CERTIFIED MAIL**

$7.36⁰
US POSTAGE
FIRST-CLASS
062S0011139003
FROM 22407