IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

MICHAEL D. ADKINS,

                        Plaintiff,

        Vs.                                                    No. 22-2082-SAC-TJJ

SLM CORPORATION D/B/A/
SALLIE MAE INC., et al.,

                Defendants


MEMORANDUM AND ORDER

        The case comes before the court on a motion to dismiss (ECF# 31) filed

by the defendant Sallie Mae Bank ("SMB") who states that the plaintiff's complaint

incorrectly identifies it as SLM Corporation d/b/a/ Sallie Mae, Inc. The defendant

LexisNexis Risk Solutions, Inc. ("LNRS") also files a motion to dismiss (ECF# 42) joining

the SMB's position that the complaint fails to allege an inaccuracy in the plaintiff's

credit reports. Even though the briefing on LNRS's motion is not yet complete, this

order decides the motion, because the motion and memorandum relies exclusively on

the very same arguments fully briefed in SMB's motion which is ripe.

**PROCEDURAL BACKGROUND**

        The plaintiff Michael D. Adkins brought a limited action in Wyandotte

County District Court asserting claims under the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681 *et seq*. ECF# 1-1. He alleges the defendant credit reporting agencies

("CRAs") Equifax Information Services, LLC, Experian Information Solutions Inc., Trans

Union, LNRS, and Innovis Data Solutions, Inc., furnished consumer credit reports on

him with inaccurate information. He alleges the lender SMB provided inaccurate

1

information about his liability for student loans issued only to his sister and his father and serviced by SMB. ECF# 1-1. The plaintiff Michael D. Adkins was born in 1985 and shares the same name as his father, Michael D. Adkins. *Id*. at ¶ 17. The plaintiff's father co-signed the five student loans for the plaintiff's sister between September 2014 and May 2018. *Id*. at ¶ 18. The plaintiff alleges he "has no personal liability and is not responsible for" these student loan debts belonging to his sister and father. ECF# 1-1, ¶ 24. And yet, these five SMB accounts are reported on his credit reports as totaling approximately $81,000.00 with one account having "a serious delinquency charge off for $11,543.00." ECF# 1-1, ¶ 23.

This action was removed to federal court on February 24, 2022. ECF# 1. The complaint asserts that SMB is engaged in reporting consumer credit information in Kansas and that the defendant CRAs reported to SMB that the plaintiff disputed SMB's reporting of these student loan debts as his liability. Specifically, count two alleges that SMB violated 15 U.S.C. § 1681s-2(b) for "failing to respond to reinvestigation requests and failing to supply accurate and truthful information." ECF# 1-1, ¶ 56. Against the defendant CRAs, the complaint alleges that the plaintiff disputed the accuracy of their credit reports for including these student loans as his consumer debt for which he is liable. Count one specifically alleges the CRAs violated 15 U.S.C. § 1681i for failing "to use reasonable procedures to reinvestigate Plaintiff's disputes" and to take adequate "action to correct Plaintiff's consumer reports or delete the false data." ECF# 1-1, ¶ 50.

The defendants seek dismissal arguing that the plaintiff cannot claim his consumer reports inaccurately report him as liable for the student loan debt because

the loan applications and promissory notes for the student loans contain the plaintiff's personal identifying information, not his father's. SMB attaches the applications and notes as exhibits to its motion showing not only the plaintiff's name, but the plaintiff's birthdate and social security number, for the co-signer of the notes.  The defendants argue that this precludes any allegations of any mix up in credit data between the plaintiff and his father and that these documents necessarily identify the plaintiff as the co-signer of the loans. SMB also argues that the plaintiff has failed to plead any factual basis for its investigation of his credit dispute being unreasonable since the plaintiff's identifying information is on the applications and promissory notes.

**Rule 12(b)(6) Standards**

"A pleading is required to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favoring the plaintiff. *Farmer v. Kansas State University*, 918 F.3d 1094, 1102 (10th Cir. 2019). But, when the complaint alleges legal conclusions, those allegations are not subject to the same rule of being accepted as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

"A complaint cannot survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Doe v. School District No. 1, Denver, Colorado*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To be plausible

on its face, the complaint's "factual allegations [must] allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to 'set forth a prima facie case for each element.'" *George v. Urban Settlement Services*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192–93 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Allegations "upon information and belief" may be made "so long as the complaint sets forth the factual basis of the belief." *Moore v. Kobach*, 359 F.Supp.3d 1029, 1040 (D. Kan. 2019) (quoiting *Jackson-Cobb v. Sprint United Management*, 173 F.Supp.3d 1139, 1149 (D. Colo. 2016)). Thus, such allegations trigger the question whether they "are supported by specific facts asserted by the Complaint." *Id.*

**Governing FCRA Law and Analysis—SMB's Motion to Dismiss**

While the FCRA requires furnishers to provide accurate report information, 15 U.S.C. § 1681s-2(a), it limits consumers' private rights of actions to credit reporting agencies and does not extend claims and actions against furnishers, 15 U.S.C. § 1681s-2(c). *Sanders v. Mt. Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012). "While Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information

furnished, Congress allows consumers to enforce the duty of accurate reporting

through the FCRA's dispute process." *Id.* (internal quotation marks and citation

omitted). Once notified by the CRA of a dispute, the furnisher "must perform the

verification and correction duties described in 15 U.S.C. § 1681s-2(b)" and can be

liable for violating these duties. *Id.* The Tenth Circuit has held that § 1681s-2(b)

requires a furnisher upon notice of a dispute from a CRA to:

> (1) investigate the disputed information; (2) review all relevant information
> provided by the CRA; (3) report the results of the investigation to the CRA; (4)
> report the results of the investigation to all other CRAs if the investigation
> reveals that the information is incomplete or inaccurate; and (5) modify,
> delete, or permanently block the reporting of the disputed information if it is
> determined to be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178-79 (10th Cir. 2013)

(quoting *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750 (10th Cir.

2009), *cert. denied*, 560 U.S. 943 (2010)). This requirement upon furnishers "extends

not only to false information, which is clearly inaccurate, but to information provided

in such a manner as to create a materially misleading impression." *Llewellyn*, 711

F.3d at 1186 (internal quotation marks and citations omitted). The burden rests with

the plaintiff to show the defendant furnisher provided information that was

inaccurate or false or that was materially misleading. *Schueller v. Wells Fargo & Co.*,

559 Fed. Appx. 733, 737 (10th Cir. May 22, 2014), *cert. denied*, 574 U.S. 908 (2014).

The plaintiff's complaint must allege sufficient factual matter, accepted as true, as

to make the plausible showing that the furnisher provided information, which was

inaccurate, false, or materially misleading. *See id.* "In other words, no triable issue

exists if the undisputed facts show that Barclays furnished accurate information to the

CRAs about plaintiff's loan." *Hampton v. Barclays Bank Delaware*, 478 F. Supp. 3d

1113, 1136 (D. Kan. 2020) (citing *Llewellyn*, 711 F.3d at 1185–86), *aff'd*, 2021 WL 3237082 (10th Cir. July 30, 2021).

SMB argues the plaintiff's complaint fails to state a claim "because there is no inaccuracy to support the claim." ECF# 32, p. 7. Instead of inaccurately reporting the plaintiff's father's credit information as the plaintiff's, SMB says its credit information shows this student loan debt was taken out in the plaintiff's name with his own personal identifying information as the co-signor. SMB contends the plaintiff cannot proceed on a theory of his father's credit information being inaccurately merged into his credit report when the loans "are in the plaintiff's own name." *Id*.

The plaintiff's complaint alleges SMB wrongly asserted that these student loan accounts belonged to him when it was his father who co-signed his sister's student loans and not the plaintiff. ECF# 1-1, ¶¶ 18, 24, and 27. He alleges his "father's personal information has been intertwined with" his credit reports. *Id.*  at ¶ 20. He also alleges that he and his father notified SMB of its reporting and collection error in showing him liable for these student loans. *Id*. at ¶ 29. In short, the plaintiff alleges the credit reporting information showing his liability for this student loan debts is not accurate, because he did not co-sign his sister's student loans and, therefore, is not liable for this debt having never contracted for it or assumed responsibility for it. The plaintiff argues his allegation must be taken as true at this stage. He is not required to allege facts to overcome an asserted defense of accuracy. Indeed, the plaintiff contends SMB's argument based on his identifying information appearing on the applications and notes does not open the door to deciding factual

disputes, does not demonstrate as a matter of law that he signed these student loan contracts, and does not render his claim implausible on its face. The plaintiff notes the impropriety of resolving factual disputes over accuracy on a motion to dismiss.

In reply, SMB highlights the plaintiff's failure to dispute that his identifying information appears for the co-signor on the student loan applications and notes. SMB argues the plaintiff has no plausible basis for his claims as he concedes he was not a victim of identity fraud and fails to allege that his personal identifying information was used without his knowledge and consent. SMB insists the plaintiff lacks any factually coherent theory for pleading his claim.

Neither defendant movant cites any supporting authority for the argument that the plaintiff must allege facts supporting a particular theory for how SMB came to have the plaintiff's identifying information on its applications and notes when the plaintiff denies that he co-signed these loans. The court will decide the defendants' motions as argued and presented. At this procedural stage of the litigation and without any legal authority to the contrary, the court concludes it is enough for the plaintiff to allege the inaccurate information is his liability for the student loans as a co-signor when he did not sign the applications and notes. The presence of the plaintiff's identifying information on these documents does not by itself make the plaintiff liable for the debt. It is just some evidence tending to show he may have contracted for this debt, but it does preclude him from alleging and proving that he did not sign these documents and did not enter into any agreement to be liable for this debt. While the plaintiff certainly could have pleaded more under the circumstances, this does not mean the complaint is insufficient or undeserving of

being viewed in the light most favorable to the plaintiff. From its face, the plaintiff's complaint states a plausible claim of inaccurate information. Proof that the plaintiff's identifying information is contained on the loan documents may weaken his claim. The defendants, however, fail to show how this proof necessarily renders the plaintiff's claims factually or legally implausible as pled. This is particularly the case when considering both that the plaintiff and his father contacted SMB about the dispute over these debts and that the circumstances for the processing and signing of these loan applications have not been pleaded. Drawing inferences only from what has been alleged, the court finds sufficient factual matter alleged on the face of complaint and accepted as true to state a plausible claim for relief.

SMB also argues the plaintiff fails to allege any facts suggesting SMB's investigation was unreasonable. Specifically, the plaintiff is faulted for not alleging what information SMB failed to consider or interpret correctly upon confirming that the plaintiff's identifying information is found on the notes in question. When a CRA notifies an information furnisher of a dispute, § 1681s-2(b) requires the furnisher in part to investigate the disputed information, and the undertaken investigation "must be a reasonable one." *Maiteki v. Marten Transport Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012)). The Tenth Circuit has explained:

> A "reasonable" investigation "is one that a reasonably prudent person would undertake under the circumstances." *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014) (internal quotation marks omitted). "[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute." *Boggio* 696 F.3d at 617; see *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("[A] more limited investigation may be appropriate when CRAs provide

the furnisher with vague or cursory information about a consumer's dispute."); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1160 (9th Cir. 2009) ("Congress could not have intended to place a burden on furnishers continually to reinvestigate a particular transaction, without any new information or other reason to doubt the result of the earlier investigation...."). "[T]he reasonableness of the investigation is to be determined by an objective standard," and "[t]he burden of showing the investigation was unreasonable is on the plaintiff." *Chiang*, 595 F.3d at 37.
    . . . . "Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question." *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

*Maiteki v. Marten Transport Ltd.*, 828 F.3d at 1275.

The plaintiff notes SMB has documentation in its files from the actual co-signor of these loans claiming responsibility for this debt. The plaintiff explains that in disputing his liability for these loans with SMB, he provided affidavits from himself and his father addressing who co-signed the loans. Without discovery, the plaintiff argues he cannot know what SMB did during its investigation particularly in considering these averments. All he knows for now is that these student loans remained on his credit report which means SMB chose to verify the accuracy of its information to the CRAs despite the affidavits.

The plaintiff cites a convincing line of authority that does not require at this stage the pleading of the specific deficiencies with the defendant's investigation. ECF# 39, pp. 9-10.  The reasoning behind this line of authority is persuasive and seems applicable to the facts of the case here:

At this stage, it is enough for Plaintiffs to allege that the furnisher failed to conduct a reasonable investigation by pointing to the errors in the post-investigation reporting. See, e.g., *Rayburn v. Equifax Info. Servs., LLC*, No. 18-cv-3127-TCB-CMS, 2019 WL 1225212, at *4-5 (N.D. Ga. Jan. 9, 2019); See *Calhoun v. Certegy Check Servs., Inc.*, No. 14-cv-1020-T-27MAP, 2014 WL 4146886, at *3 (M.D. Fla. Aug. 20, 2014) (finding allegation that furnisher's

investigation was unreasonable because it failed to uncover and resolve the alleged inaccuracy was sufficient to state a claim). The details of AmeriHome's investigative procedures are solely within its knowledge and will not be revealed until Plaintiffs begin discovery. See Rayburn, 2019 WL 1225212, at *4–5. Plaintiffs have alleged that AmeriHome continued reporting the late payment information even after reviewing its records and conducting an investigation. This is sufficient for the Court to infer that AmeriHome's investigative procedures were unreasonable.

*Abukhodeir v. AmeriHome Mortg. Co., LLC*, No. 21-CV-563-WFJ-JSS, 2021 WL 3510814, at *5 (M.D. Fla. Aug. 10, 2021); *see also Lara v. Experian Information Solutions, Inc.*, No. 20-cv-2449-MMA, 2021 WL 2588863, at *3 (S.D. Cal. Jun. 24, 2021) ("At this juncture, Plaintiff cannot be expected to plead the details of an investigation that Pennymac undertook and Plaintiff was not privy to."); *Haynes v. TransUnion, LLC*, No. 19-CV-7157, 2021 WL 2179346, at *6 (E.D.N.Y. Feb. 4, 2021) (it is enough to allege the CRA notified furnisher of dispute over inaccurate information and disputed information remained on the credit report, because "[i]nformation about the precise nature of the investigation is uniquely in the hands of [Defendant]. Plaintiffs cannot be expected to have much more information about the reasonableness of the investigation at this stage of the litigation than they have stated in their complaint." (quoting *Williams v. Bayview Loan Servicing, LLC*, No. 14-CV-7427, 2016 WL 8711209, at *6-7 (E.D.N.Y. Jan. 22, 2016)), *adopted* 2021 WL 3185581 (E.D.N.Y. Jul. 28, 2021); *Lovelace v. Equifax Info. Services LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *6 (D. Ariz. June 7, 2019) ("If a plaintiff adequately alleges (1) an inaccuracy, (2) that she notified the credit reporting agency of her dispute and requested an investigation, and (3) that the credit reporting agency didn't subsequently remove the inaccuracy, the court may draw the reasonable inference that the credit reporting agency's investigation was

unreasonable. . . . Courts can't expect any more specificity regarding the unreasonableness of the investigation at the motion to dismiss stage." (citation omitted)). Following this line of authority, the court finds that the plaintiff has alleged sufficient facts here to support an inference that the defendant did not conduct a reasonable investigation under the FCRA.

**LNRS's Motion to Dismiss**

LNRS's arguments over the complaint's sufficiency in pleading an inaccuracy simply parallel those unsuccessfully advanced by SMB in its motion. The court summarily denies LNRS's motion for the same reasons stated above.

IT IS THEREFORE ORDERED that the defendant SMB's motion to dismiss (ECF# 31) and LNRS's motion dismiss and joinder in SMB's motion to dismiss (ECF# 42) are denied.

Dated this 2nd day of May, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge