## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL D. ADKINS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-cv-2082-JAR-RES** |
| **SALLIE MAE BANK, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Michael D. Adkins filed suit against several Defendants alleging violations of the Fair Credit Report Act ("FCRA").[1]  This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 100), in which he asks the Court to reconsider the Honorable Sam A. Crow's July 29, 2022 Memorandum and Order ("July 29 Order") to the extent it granted Defendant Innovis Data Solution Inc.'s ("Innovis") motion to dismiss Plaintiff's claim that it failed to use reasonable procedures to reinvestigate his dispute under 15 U.S.C. § 1681i(a)(1)(A).[2]  The motion is fully briefed, and the Court is prepared to rule. For the reasons explained more fully below, Plaintiff's motion to alter or amend is denied.

## I.     Background

In his Amended Complaint, Plaintiff alleges that the Defendant credit reporting agencies ("CRAs"), including Innovis, furnished consumer credit reports that wrongly included his father's credit information.  Plaintiff's father, born in 1960, also has the name Michael D. Adkins.  Plaintiff's father co-signed five student loans for Plaintiff's sister between September

---

[1] 15 U.S.C. §§ 1681–1681x.

[2] Doc. 91.  This case was reassigned to the undersigned on October 7, 2022, after the motion to alter or amend became fully briefed.  Doc. 109.

2014 and May 2018, serviced by Co-Defendant Sallie Mae Bank ("Sallie Mae").  Plaintiff is not personally liable for these loans that belong to his sister and father, yet they erroneously appeared on his credit report from Innovis and were inaccurately reported as his debt.  Innovis' credit report for Plaintiff shows a total debt of $81,156.00 on these student loans, which are in a negative status.  Plaintiff's efforts to secure a mortgage have been impeded because of these negative reports for loans that are not his.

Plaintiff and his father notified Sallie Mae of the reporting and collection error and engaged in a direct dispute process, which included his father submitting an affidavit that he co-signed his daughter's student loans.  Plaintiff also disputed the negative Sallie Mae accounts with Innovis, but Innovis told him it would not remove the Sallie Mae accounts from his credit report. Plaintiff alleges that his "creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's creditworthiness."[3]

One of Plaintiff's claims against Innovis in Count One of the Amended Complaint is that it failed to use reasonable procedures to reinvestigate his dispute and take adequate action to correct his consumer reports, in violation of 15 U.S.C. § 1681i(a)(1)(A).  The court granted Innovis' motion to dismiss this claim, finding that the Amended Complaint failed to allege facts sufficient to show that Innovis used unreasonable procedures in reinvestigating Plaintiff's dispute.[4]  The court found that under governing caselaw, Innovis' "duty to reasonably reinvestigate does not compel it to resolve what amounts to a collateral attack on the legal

---

[3] Doc. 69 ¶ 34.

[4] The court also denied Innovis' motion to dismiss Plaintiff's claim that it failed to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. 1681e(b).  That claim is not at issue on this motion.

validity of the creditor's claim that the named consumer debtor is liable for this debt."[5]  The

court therefore found that Plaintiff failed to sufficiently plead this claim:

> Specifically, the plaintiff disputed that he was the Michael D.
> Adkins who co-signed these student loans even though, 1) his
> name and personal identifiers appeared on all five loan
> applications between 2014 and 2018, 2) Sallie Mae confirmed the
> loans were connected to the plaintiff, 3) the plaintiff and father
> affirmed the father to be the co-signor but the father's personal
> identifiers were not used on the loan applications, and 4) the
> plaintiff did not assert theft or misuse of his personal identifiers.
> The court finds that § 1681i does not compel Innovis under these
> circumstances to adjudicate whether the plaintiff is the same
> Michael D. Adkins who co-signed the student loans.  This would
> require Innovis to assume the role of a tribunal in determining who
> co-signed the loans under some factually involved circumstances.
> Like a tribunal, Innovis would have had to go beyond the loan
> applications and documentation in the credit file and to gather for
> its review and evaluation all relevant proof for determining who
> co-signed each of the five student loans. . . .
>
> . . . The court believes the asserted inaccuracy here to be a
> non-adjudicated factual dispute over more than "the contents of a
> document, the existence and easily ascertained meaning of court
> orders, or some other truly objective matter."  Thus, the plaintiff
> did not have a straightforward dispute of a discrete issue that
> Innovis, rather than a legal tribunal, could be expected to resolve.[6]

In his motion to alter or amend, Plaintiff objects to the numbered circumstances upon

which the court found that Innovis was not required to adjudicate whether Plaintiff was the same

Michael D. Adkins who co-signed the Sallie Mae loans.  He argues that each of these factual

premises is either unsupported by the record, or new arguments and proposed claims cure the

deficiencies.  He urges the Court to alter or amend its judgment and allow him leave to amend

---

[5] Doc. 91 at 8.

[6] *Id.* at 12–14 (quoting *Soyinka v. Equifax Info. Servs., LLC*, 486 F. Supp. 3d 1232, 1238 (N.D. Ill. 2020), *aff'd sub nom. Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562 (7th Cir. 2021)) (citations omitted).

his complaint to incorporate more detailed facts about Innovis' knowledge at the time Plaintiff disputed these amounts on his credit report.[7]

## II.     Legal Standard

A motion to alter or amend under Rule 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[8]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[9]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[10]  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]  Whether to grant a motion to reconsider is left to the Court's discretion.[12]

## III.    Discussion

Plaintiff maintains that the July 29 Order misapprehended the facts and his position when ruling in favor of Innovis on the § 1681i claim by failing to consider the "full record," and that a reasonable reinvestigation of the dispute would have demonstrated Plaintiff's credit report was

---

[7] On the same day that Plaintiff filed his motion to alter or amend, he filed a Motion for Leave to File Second Amended Complaint (Doc. 102), attaching two proposed Second Amended Complaints: one with Innovis as a Defendant and one without Innovis as a Defendant.  Docs. 102-1, 102-2.  On August 30, 2022, Magistrate Judge Schwartz stayed briefing on the motion for leave to amend until this Court rules on the motion to alter or amend. Doc. 104.

[8] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[9] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[10] *Servants of the Paraclete*, 204 F.3d at 1012.

[11] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[12] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

not accurate.  Innovis responds that Plaintiff's motion is based on new arguments that were available to him at the time of his response to the motion to dismiss, and that he fails to show a mistake of law or fact that would support granting Plaintiff's Rule 59(e) motion.  The Court first considers Plaintiff's contention that the court erred by failing to consider certain documents in the record.  Then, the Court addresses whether Plaintiff has shown that there is a need to correct clear error or prevent manifest injustice if the arguments and evidence presented by Plaintiff in the motion to alter or amend are considered.

### A.      Failure to Consider Certain Documents

Innovis moved to dismiss the § 1681i claim on the basis that Plaintiff failed to show that he asked Innovis to reinvestigate a factual, rather than a legal, inaccuracy as required by Tenth Circuit law.[13]  In its July 29 Order, the court agreed, explaining that Plaintiff's dispute asked Innovis to determine whether Plaintiff was obligated to pay his sister's student loan debts, a question that Innovis, as a CRA, had no obligation to answer.  Plaintiff attaches two exhibits to support his motion to alter or amend, arguing that Judge Crow erred by not considering them. The Court therefore must determine whether each exhibit, and the arguments related thereto, may be considered under the standard that applies to Rule 59(e) motions.

### 1.      Exhibit A

Plaintiff first argues that the court failed to consider all of the evidence before it when it dismissed his § 1681i claim against Innovis.  Specifically, Plaintiff argues that the loan applications in the dispute file attached to Innovis' Answer raise a question about whether Innovis should have been able to easily determine that the credit reports, which included

---

[13] *See Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (first citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); and then citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)).

information from Sallie Mae, were inaccurate.[14]  Exhibit A, submitted in support of this argument, is not an original document and was not attached to Plaintiff's response to the motion to dismiss.[15]  Plaintiff refers to Exhibit A as a "step-by-step analysis" about what Innovis knew at the time it insists that it could not have been expected to determine who co-signed Plaintiff's sister's student loans.[16]  The exhibit includes attorney argument, followed by various excerpts from the dispute file attached to Innovis' Answer,[17] and from the exhibits attached to Sallie Mae's motion to dismiss.[18]  For example, Exhibit A begins with Plaintiff's statement that "[t]he dispute clearly identified the accounts at issue and clearly identified the phone numbers that do not belong to Plaintiff," followed by a citation to Doc. 21-2 with no pin cite, and excerpted screen shots from the cited exhibit.[19]  Innovis responds that Exhibit A and the arguments related to Exhibit A are inappropriate attempts to make new arguments that were available at the time Plaintiff responded to its motion to dismiss.  The Court agrees.

Plaintiff's attempts to explain how Exhibit A and the arguments related to it are not new are inconsistent and difficult to follow.  Initially, Plaintiff argues that he does not present new evidence, but instead, that the court committed clear error by failing to consider evidence that was in the record at the time it decided the motion to dismiss.  He contends that the court should have "evaluate[d] the totality of information provided in Plaintiff's dispute."[20]  But, notably,

---

[14] *See* Doc. 21-2.

[15] Doc. 101-1.

[16] Doc. 108 at 6.

[17] Doc. 21-2.

[18] Docs. 32-1, 32-2, 32-3, 32-4, 32-5

[19] Doc. 101-1 at 2–3.

[20] Doc. 101 at 5.

Plaintiff fails to point to where the specific facts and arguments he raises in the motion to alter or amend existed in the record before Judge Crow.

On this Rule 12(b)(6) motion, the "record" that Plaintiff refers to was extremely limited. As the court explained, normally it looks only to the well-pleaded facts in the complaint on a 12(b)(6) motion.  But here, the court found that a narrow exception applied to the dispute documents attached to Innovis' Answer and Sallie Mae's motion to dismiss because they were central to Plaintiff's claims in the case, they were undisputedly authentic, and Plaintiff did not object.[21]  The court stated that it would consider the documents, noting that Plaintiff did not object to Innovis' references to these documents and that he referenced some of the same ones in opposing dismissal.  However, the court stated that it would "consider only those facts directly referenced and those arguments correctly and timely presented."[22]  Plaintiff's response to the motion to dismiss does not contain the arguments and citations contained in Exhibit A, so it was not clearly erroneous for the court not to consider them.  The court had no duty to search through the many exhibits attached to Innovis' Answer and Sallie Mae's motion to dismiss searching for evidence to support Plaintiff's position on the motion to dismiss if they were neither cited to nor argued.  "Judges are not like pigs, hunting for truffles buried in briefs."[23]

Moreover, to the extent Plaintiff wished to offer the arguments he included in Exhibit A, walking through a sequential analysis of what Innovis should have known based on the exhibits attached to the Answer and Sallie Mae's motion to dismiss, he could have done that on the

---

[21] *See* Fed. R. Civ. P. 12(d); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (explaining that the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity).

[22] Doc. 91 at 4.

[23] *McKinzy v. I.R.S.*, 367 F. App'x 896, 897 (10th Cir. 2010) (quoting *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)).

underlying motion.  All of the citations in Exhibit A are to documents that existed in the record at the time Plaintiff filed his response.  It is therefore not appropriate to make these arguments for the first time on a motion to alter or amend under Rule 59(e).[24]

In the reply, Plaintiff appears to shift his argument, conceding in the passive voice that these facts were not presented to the court "either by inadvertence or design."[25]  But it was Plaintiff who failed to present these facts to the court.  It was not incumbent upon Innovis to make these arguments for Plaintiff.  Plaintiff's inadvertence in not presenting these arguments to Judge Crow is not a basis to alter or amend judgment under Rule 59(e), and Plaintiff offers no coherent explanation for them not being presented "by design."  In sum, Exhibit A and the arguments related thereto are plainly attempts to reargue the motion with evidence that existed in the record at the time he filed his response to the motion to dismiss.[26]  The court did not err by not considering them.

### 2.     Exhibit B

Plaintiff's motion to alter or amend also relies on Exhibit B, which is a list of FCRA cases involving Sallie Mae since January 2009.[27]  It was not attached to the motion to dismiss.  Plaintiff argues that it demonstrates Sallie Mae's general unreliability, which it contends Innovis should have been aware of.  When a party submits newly discovered evidence on a Rule 59(e) motion, the party "must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet

---

[24] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (explaining that on a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued" (citation omitted)).

[25] Doc. 108 at 2.

[26] The Court notes that Plaintiff also declined to move for leave to amend under Rule 15 at the time he responded to the motion to dismiss.  Instead, he stood on his Amended Complaint.

[27] Doc. 101-2.

unsuccessful effort to discover the evidence."[28]  Plaintiff wholly fails to make this showing as to

Exhibit B, and the Court finds that Plaintiff could have obtained all of this information before

responding to the motion to dismiss, given that it is a list of cases that predate that filing.[29]

Plaintiff therefore cannot invoke Rule 59(e) on the basis of the purported newly discovered

evidence contained in Exhibit B.

### B.      Whether Plaintiff's New Arguments and Evidence Justify Reconsideration

The Court has determined that Plaintiff fails to identify a permissible ground for altering

or amending judgment under Rule 59(e).  Nonetheless, the Court proceeds to consider, out of an

abundance of caution, whether the new arguments and evidence Plaintiff points to in his motion

demonstrate that reconsideration is warranted to correct clear error or prevent manifest injustice.

To demonstrate a violation of 15 U.S.C. § 1681i(a)(1)(A), Plaintiff must show

"unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and

causation—in addition to proving [he] informed [Innovis] about the inaccuracy."[30]  As the court

explained in its July 29 Order, Tenth Circuit law dictates that a reasonable reinvestigation "does

not require CRAs to resolve legal disputes about the validity of the underlying debts they

report."[31]  Here, Plaintiff asserts that Innovis should have utilized procedures that would have

shown that the debts belong to his father and not to him.  But this is a non-adjudicated legal

---

[28] *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[29] As stated above, Judge Crow correctly applied a limited exception to the rule in Rule 12(d) that the court should not look to matters outside the pleadings in ruling on a motion to dismiss because the documents cited by Defendant were central to Plaintiff's claims and their authenticity was not disputed.  It is not at all clear that Exhibit B would have been considered by Judge Crow under this exception.

[30] *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (citation omitted).

[31] *Id.*

defense to the student loan debts on his credit report.  It was not clearly erroneous for Judge Crow to determine that it was not capable of resolution as a factual inaccuracy.

Plaintiff suggests with no citation to authority that the proper inquiry is whether Innovis could have conducted a "four corners" inquiry based on the documents available to it at the time of the dispute.[32]  But this is not the standard.  The Seventh Circuit in *Chuluunbat v. Experian Information Solutions, Inc.* provides helpful guidance on the distinction between legal and factual disputes for purposes of the FCRA: "the central question is whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone.  Consumer reporting agencies are competent to make factual determinations, but they do not reach legal conclusions like courts and other tribunals do."[33]  When there is a challenge to "the legal relationship of different parties" to the debt, it "is a task for a court."[34]  Here, Plaintiff does not challenge the fact that the debt exists or its amount.  He challenges his relationship to the debt, which is a quintessential legal determination.[35]  Absent a preexisting legal determination that the debt belongs to his father, Plaintiff fails to plead nonspeculative facts to support his § 1681i claim.[36]

Specifically, Judge Crow found that the Amended Complaint failed to state a plausible claim against Innovis under § 1681i given the following circumstances: (1) Plaintiff's name and personal identifiers appeared on all five loan applications between 2014 and 2018, (2) Sallie Mae

---

[32] Doc. 101 at 13.

[33] 4 F.4th 562, 568 (7th Cir. 2021).

[34] *Id.*

[35] *Id.*

[36] *See id.* at 568 ("[E]xamples of factual inaccuracies include the amount a consumer owes, and what day a consumer opened an account or incurred a payment. These questions do not require the consumer reporting agencies to make any legal determinations about the facts or legal judgments.  A legal question may also be resolved as a matter of fact if a tribunal—such as a court or arbitrator—has adjudicated the matter." (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010)).

confirmed the loans were connected to Plaintiff, (3) Plaintiff and his father affirmed the father to be the co-signor but the father's personal identifiers were not used on the loan applications, and (4) Plaintiff did not assert theft or misuse of his personal identifiers.  The court found that under these *combined* circumstances, Innovis could not have been expected to determine whether the information provided to it by Sallie Mae was inaccurate.  At bottom, Plaintiff's dispute asked Innovis to resolve a legal, rather than a factual inaccuracy.

Plaintiff now asks this Court to reexamine the loan applications in the dispute file and compare Plaintiff's personal identifiers with those of his father, to consider Sallie Mae's unreliable track record of confirming loans, and to consider new allegations of identity theft and misuse of Plaintiff's personal identifiers.  Even considering these arguments, the Court finds no basis to set aside the July 29 Order to remedy clear error or prevent manifest injustice.

First, Plaintiff concedes that the loan applications include personal identifiers belonging to both himself and his father.  While the phone number on the applications belongs to Plaintiff's father, the applications include other information belonging to Plaintiff, notably his date of birth and social security number.[37]  Plaintiff offers no explanation why these discrepancies would make it easier, rather than harder, for Innovis to determine which Michael D. Adkins was the correct debtor.  They lend further support to Judge Crow's conclusion that Plaintiff's dispute required a legal determination regarding the correct debtor, which falls outside the kind of factual inaccuracy that a CRA could be expected to resolve under § 1681i.

---

[37] Doc. 21-2 at 1–3; Doc. 21-2.

Second, while it is true that Innovis "must show its reinvestigation consisted of more than relying on the initial source of information after notification by [the] plaintiff,"[38] Judge Crow did not solely rely on this fact.  And Plaintiff offers no facts to support that this was the only basis for Innovis' decision not to remove the debts from Plaintiff's credit report. As explained above, Innovis had information that both Plaintiff's and his father's personal identifiers were on the loan applications.  Although Plaintiff and his father submitted affidavits in support of Plaintiff's position that this is not his debt, such evidence would have required Innovis to make a legal determination about the rightful debtor on the Sallie Mae loans.

Similarly, Plaintiff argues in the motion to alter or amend that even though he did not explicitly report to Innovis that he was the victim of identity theft, Innovis should have treated his claim as an identity theft claim and used additional investigatory procedures to resolve the dispute in his favor.  Plaintiff did not claim that he was the victim of identity theft when he filed his dispute; he stated that his credit report contained false and misleading information and that the true debtor was his father.[39]  Even assuming no "magic words" are required under the FCRA for Plaintiff to invoke certain identity theft provisions, he fails to explain what investigatory procedures Innovis should have used but did not.[40]

---

[38] *Ybarra v. Experian Info. Sols., Inc.*, No. 19-2644-DDC, 2020 WL 6798826, at *8 (D. Kan. Nov. 19, 2020) (denying motion to dismiss where the facts alleged that the defendant's reinvestigation procedures solely relied on confirmation from the initial source of information).

[39] Certain identity theft provisions of the FCRA are only triggered when the dispute is accompanied by an identity theft report.  *See* 15 U.S.C. § 1681c-2; *Brill v. TransUnion LLC*, 838 F.3d 919, 921 (7th Cir. 2016).  On one hand, Plaintiff argues that his complaint did not require the "magic words" of identity theft in order for Innovis to treat it as such.  On the other hand, he argues that he was not required to file an identity theft report in order to avail himself of the reinvestigation provision in § 1681i.  As described above, regardless of how Plaintiff's dispute is labeled—identity theft or otherwise—Judge Crow found that it was not the type of inaccuracy that a CRA can be expected to resolve under § 1681i.

[40] The dispute file includes a communication from Innovis to Plaintiff of his rights under the FCRA if he believes he is the victim of identity theft.  Doc. 21-4 at 11–12.

Plaintiff also fails to allege or demonstrate that "there are pieces of reported information that are inconsistent or contradictory," such that Innovis should have been on notice that Sallie Mae's reliability about the reported student loans was in doubt.[41]  According to the Amended Complaint and the limited evidence in the record, the information about the student loans provided by Sallie Mae to Innovis consistently showed Plaintiff as the debtor based on several personal identifiers that belonged to him.  The only question was whether the Michael D. Adkins consistently identified as Plaintiff on those reports is, in fact, his father.  As described above, and in detail by Judge Crow, the law is clear that the FCRA does not impose an obligation on a CRA such as Innovis to resolve a legal question like this one.[42]  Plaintiff may not "launch[] an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency."[43]  There is good reason for this rule—"determining whether the consumer has a valid defense 'is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'"[44]  Plaintiff fails to demonstrate that Judge Crow erred by applying this rule in favor of Innovis under the circumstances of this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 100) is **denied**.

**IT IS SO ORDERED.**

Dated: November 10, 2022

---

[41] *See Shepard v. Equifax Info. Servs., LLC.*, No. 17-1118-KJM-CKD, 2019 WL 1532275, at *5 (E.D. Cal. Apr. 9, 2019) (finding on summary judgment that there was a genuine issue of material fact about whether "Equifax reasonably believed DCI was a reliable furnisher of information and thus whether Equifax's preparation procedures were reasonable" given evidence of conflicting reports provided by DCI to Equifax).

[42] *See, e.g.*, *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 568–69 (7th Cir. 2021).

[43] *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

[44] *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (first alteration omitted) (quoting *DeAndrade*, 523 F.3d at 68).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE